# St. Louis, A. & T. H. R. R. Co. v. Newton C. Barrett.

1. NEGLIGENCE—*Liability for Acts of Servants.*—Appellee, a conductor in the employ of the Illinois Central Railroad Company, was injured while obeying the order of his superior to get out of the way of a passenger train then overdue, by a collision with a train in charge of a crew of the appellant who were violating an explicit order of the same superior, directing them to move back out of the way and make room for appellee's train. *It was held* that he was entitled to recover.

2. PRACTICE IN APPELLATE COURT—*Abstracting Instructions.*—A single isolated instruction printed in the abstract is not in compliance with the practice in the Appellate Courts.

3. PRACTICE IN APPELLATE COURT—*Instructions to be Considered as a Series.*—Instructions must be considered as a series. The Appellate Court must know what instructions were given, as well as refused, before it can be intelligently determined whether or not the lower court has committed error in refusing an instruction.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Perry County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

R. W. S. WHEATLEY, attorney for appellant.

I. R. SPILMAN, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.
This suit was brought to recover damages for a personal injury. The evidence in this case may be said to fairly establish the following state of facts: That the appellee, as conductor of a freight train of the I. C. R. R. Co., was ordered by the man in charge of the yards and station at Du Quoin, to back his train on track No. 4, in order to clear the way for passenger train then past due, and that switching crew of appellants then engaged in taking cars from said No. 4, was also ordered to move back out of the way of appellee's train; that there were cars on No. 4 that the

switching crew desired to take out, which were between the two engines or trains when this order was given, and that the switching crew did not promptly comply with the order, but with knowledge of appellee's train backing up, and driving back the cars such crew was after, attempted to move away slowly, but only at such speed as would enable them to catch such cars, and then endeavor to couple them as they were thus driven upon them, when finally, owing to such management, appellee's train overtook the slowly receding train of appellant, resulting in the telescoping of the north loose car into the caboose of appellee's train, on the rear platform of which he was standing, causing the death of the rear brakeman and the serious injury of appellee.

The appellee, when injured, was obeying an explicit order of his superior to get out of the way of a passenger train, then overdue, while the crew of the appellant was violating an explicit order of the same superior, who had directed them to move back out of the way, and make room for appellee's train. Had they obeyed the order no collision would have occurred. Denton Plumlee, who testified for the appellant, says: "When the short line engine came up to where those cars (the loose cars) were, Mayer, the Illinois Central yard master, ordered them to go south on No. 4 track, and get out of the way of number 23. They dropped back and did not take the car they were after." Odum, who also testified for appellant, says: "They commenced to back in on us, and we commenced to move south. I was trying to make the coupling; they had shoved the cars back on us. I was walking with my shoulders between the cars, trying to make the coupling, both moving the same way."

It is evident that the switch engine crew's purpose was to get the car, so to speak, on the run, with the hope and expectation doubtless that they could also get out of the way of appellee's approaching train. It is clear this crew could readily have moved out of the way had they obeyed orders. In thus disobeying a positive order they caused the collision, resulting in a very serious injury to appellee.

The evidence does not show that appellee's train was

backing at unusual speed, for Plumlee, appellant's witness, testified that on his signal the engineer slackened the speed, which caused the loose cars, which had been reached by the caboose, to drop away so that the rear brakeman could not make the coupling; that the signal was given by Mayer, the superior over both crews, to back down again. The evidence does not show, in our judgment, that the appellee was negligent in the management of his train.

There was no error committed by the court in refusing the instruction of appellant, complained of. All that was valuable in it to appellant had been given in other instructions. This court again desires to warn counsel, that a single isolated instruction printed in the abstract is not in compliance with the practice in Appellate Courts.

The refused instruction alone was printed in this case. Lawyers well understood that instructions must be considered as a series, and that Appellate Courts must know what instructions are given, as well as refused, before it can be intelligently determined, whether or not the lower court has committed error in refusing an instruction. In this case, however, we have examined the record.

The principal complaint in this case is, that the evidence does not support the verdict. For reasons above stated we think it does, and the judgment is affirmed.