## St. Louis, Alton & Terre Haute Railroad Company v. Frederick Bauer, Administrator, etc.

53 525
156s 106

1. DAMAGES—*$3,000 Not Excessive.*—In an action by parents for the death of a son, the result of negligent acts of the defendant, where it appeared that he was a young man and contributed to the support of his parents, who were somewhat advanced in years, $3,000 is not excessive.

Memorandum.—Action for damages; death from negligent acts. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

R. W. S. WHEATLEY, attorney for appellant.

I. R. SPILMAN, attorney for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee's intestate was killed in the same collision that seriously injured Newton C. Barrett. The latter recovered judgment against appellant for such injury, which was sustained by this court. St. Louis, A. & T. H. R. R. Co. v. Barrett, 52 Ill. App. 510. The facts in the two cases are identical and for their statement that case is referred to. A careful examination of this record, but serves to confirm the conclusion there reached. The switch crew were notified by Barrett, the conductor of train No. 30, while they were at the south end of switch four, that he would back in on four, to let the passenger train pass. They, notwithstanding, ran north on switch four, and attempted to couple on car No. 20905, that was near the north end of the switch and between the two moving trains, going in opposite directions on same track. The yard master, Mayer, in charge of both trains, ordered the switch crew to move south and get out of the way of No. 30, on which the deceased was rear brakeman. This they did not do. They

started, but the engineer got a slow-up signal, so that the brakeman, Odem, might make coupling of caboose car, which had already been reached by train No. 30 in backing down on that track.

The engineer of the switch engine testified he did slow up. Several disinterested witnesses testified he moved north with his engine and was so moving at the time of the collision. However that may be, the appellant's evidence shows the collision occurred after the slow-up signal was given to the switch engineer. The foreman of the switch crew was riding on car No. 20905 at that time, as it was being driven back by No. 30 in backing down. He permitted Odem, his brakeman, to attempt to couple such car to other cars attached to the switch engine under that known condition. He must have known the switch engine was not getting out of the way of No. 30. This all occurred in the day time on a straight track, with all the cars in his full view. He could observe the speed of No. 30, as he was on the rear car of the loose cars, that were being pushed by it. A collision was inevitable under the plain conditions then existing. His thought evidently was, that he would take the risk of catching and coupling car 20905, as it was being pushed upon him, and getting out of the way of train No. 30. It was a reckless proceeding, resulting in the death of one man and maiming of another. It is said, however, that the deceased should have been on the same car that the foreman of the switch crew was on, whose recklessness caused the disaster. The evidence does not sustain this position. The deceased was the rear brakeman and his place was at the rear of his train, where he was in the performance of his duty, attempting to couple the caboose to the loose car, when killed by the telescoping of that car into the caboose by the collision. Even if the deceased's proper place was on car 20905 after loose cars were coupled, he had no time to get there after attempting to perform his duty in making the coupling, before the collision occurred. It is claimed the damages are excessive. It is difficult to measure the damages in a case of this kind. The deceased was a young

man, and contributed to the support of his parents, who were somewhat advanced in years. We can not say they are too large. For our views on this question, see O. & M. Ry. Co. v. Waugelin, Adm., 43 Ill. App. 324.

The judgment is affirmed.